PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS J. THOMAS, | ) | |
| | ) | CASE NO.  4:23CV2277 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WALMART, INC., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro Se* Plaintiff Marcus J. Thomas filed this civil action alleging employment

discrimination in violation of Title VII of the Civil Rights Act of 1964 and state law.  When

Plaintiff filed the Complaint (ECF No. 1), he did not pay the filing fee but instead filed a Motion

to Proceed *in Forma Pauperis* ("IFP") (ECF No. 2).  Because the original "short form"

application he filed was deficient, on February 21, 2024, Plaintiff was ordered either to pay the

filing fee or complete and file the more complete IFP application used in this district

demonstrating he met the criteria of poverty in order to proceed with the case.  *See* Order (ECF

No. 5).  The Order (ECF No. 5), along with an AO239-Application to Proceed IFP (ECF No.

5-1), was mailed to Plaintiff's address of record.  The proper form application expressly asks an

applicant, among other information, to state the monthly amounts of money he receives from

multiple income sources (including from employment, gifts, social security, public assistance,

and other sources), as well as to list his average monthly life expenses (including for rent or

home mortgage payments, food, utilities, medical, and other  items).  The Order (ECF No. 5)

(4:23CV2277)

expressly cautioned Plaintiff that failure to comply with that Order within 30 days may result in

dismissal of this action without further notice.

On February 28, 2024, Plaintiff filed a new Application to Proceed IFP on the form

provided to him.  *See* ECF No. 6.  But in this application, other than representing that he has

"$290" in monthly food expenses, presumably covered by food "stamps," *see* ECF No. 6 at

PageID #: 75, he wrote "0" in response to every question seeking a dollar amount and responded

"No" to most other questions on the form.[1]

Pursuant to 28 U.S.C. § 1915(a)(1), a court "may authorize the commencement,

prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein,

without prepayment of fees or security therefor, by a person who submits an affidavit that

includes a statement of all assets such [person] possesses that the person is unable to pay such

fees or give security therefor."  Whether to allow a litigant to proceed IFP is within the discretion

of the district court, and an application is properly denied when the litigant fails to provide

information concerning her expenses and financial obligations, as required, such that the court

may make a determination as to her ability to pay the filing fee.  *Flippin v. Coburn*, 107

Fed.Appx. 520, 521 (6th Cir. 2004).

It does not appear that Plaintiff has made a sincere effort to complete the IFP application.

He provides no explanation as to how he survives with no income, assets or assistance other than

---

[1] He confesses a lack of knowledge about any anticipated changes in his spouses
monthly income or expenses and declares his termination was untimely and illegal.

2

(4:23CV2277)

$290 in monthly food stamps.  His representation that he has no rent or other monthly living

expenses of any kind other than food is not credible without some explanation.

     Because Plaintiff has failed to provide sufficient information for the Court to find that he

should be granted leave to proceed IFP, his Application to do so (ECF No. 2), supplemented by

ECF No. 6, is denied, and this action will be dismissed without prejudice.  Should Plaintiff wish

to pursue this action, he must file a new case accompanied by the full filing fee of $405 or a

proper Application to Proceed IFP demonstrating he meets the criteria of indigency.

     The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith.


     IT IS SO ORDERED.


   __April 16, 2024___           __/s/ Benita Y. Pearson_____
Date                                Benita Y. Pearson
                                     United States District Judge